IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | 1:12cr33-HSO-RHW-9 |
| | § § | 1:17cv121-HSO |
| JOHN ASHLEY PERRETTE | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [572] along with a supporting Memorandum [573] of Defendant John Ashley Perrette ("Defendant" or "Perrette") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. After due consideration of the Motion, related pleadings, the record, and relevant legal authority, the Court is of the opinion that Perrette is not entitled to relief and that his § 2255 Motion should be denied in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules") without the requirement of an answer by the United States Attorney and without an evidentiary hearing.

I. FACTS AND PROCEDURAL HISTORY

On April 17, 2012, a Grand Jury returned a 30-count Indictment [3] against Perrette and 14 co-Defendants. On August 8, 2012, Perrette pleaded guilty to Counts 1, 16, and 30 of the Indictment [3].

-1-

On November 7, 2012, the Court sentenced Perrette to a term imprisonment of 16 months as to each of Counts 1 and 30 to run concurrently with each other, and to a term of imprisonment of 120 months as to Count 16, to run consecutively to the terms imposed on Counts 1 and 30. *See* Nov. 7, 2012, Minute Entry. The Judgment was entered on November 13, 2012. J. [365] at 1-6. Perrette did not appeal.

In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). *See* PSR [395] (filed under seal). The PSR disclosed that, with respect to Perrette's criminal history, he had two prior adult convictions for which he was assessed criminal history points. The convictions at issue were for a DUI 1st Offense and a Simple Assault charge, both in Gulfport Municipal Court, Gulfport, Mississippi. Pursuant to United States Sentencing Guideline § 4A1.1(c), the PSR assessed one point for each of these convictions for a total of two criminal history points. Pursuant to USSG Chapter 5, Part A, a criminal history score of two established Perrette's criminal history category of II.

With respect to the prior DUI charge, the PSR reflected that Perrette had been arrested on March 11, 2008, at the age of 20, and had pleaded guilty on July 22, 2008. Perrette was assessed a $151.00 fine and directed to attend the Mississippi Alcohol Safety Education Program ("MASEP") and Victim Impact Panel ("VIP"). According to Perrette, the charge was supposed to be non-adjudicated, or adjudication was to be withheld and not used against him in any future proceedings. Mem. [573] at 12.

On April 20, 2017, Perrette placed the present Motion to Vacate pursuant to 28 U.S.C. § 2255 in the prison mailing system, Mot. [572] at 12, and the Motion was filed of record on April 24, 2017. Perrette asks the Court to amend his sentence on grounds that his prior DUI conviction has now been non-adjudicated after he completed MASEP and VIP, such that he would now only be subject to one criminal history point, placing him into a lower criminal history category with a lower imprisonment range under the Sentencing Guidelines. Mem. [573] at 12-16. Perrette maintains that his DUI conviction was "invalidated," Mot. [572] at 4, and asks the Court to resentence him to a total of 121.5 months imprisonment, Mem. [573] at 16.

## II. DISCUSSION

Rule 4(b) of the Section 2255 Rules provides that

> [if] it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Section 2255 Rule 4(b).

A.  Perrette's Motion is untimely.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), "a one year statute of limitations governs habeas motions filed by federal inmates." *United States v. Wheaten*, 826 F.3d 843, 846 (5th Cir. 2016) (citing 28 U.S.C. § 2255(f)). Section 2255(f) provides that

> [t]he limitation period shall run from the latest of--
> (1)   the date on which the judgment of conviction becomes final;

-3-

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), "[w]hen a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). In this case, Perrette's Judgment of conviction became final on November 28, 2012. *See id.*; *see also* J. [365] at 1-6; Fed. R. App. P. 4(b)(1)(A). Perrette's § 2255 Motion, which was filed well over four years later, is untimely unless another provision of § 2255(f) applies.

B.     <u>Perrette has not cited any newly discovered facts which would support a claim to reduce his sentence under § 2255.</u>

Perrette seems to assert that § 2255(f)(4) is applicable due to his purportedly "invalidated" conviction. Perrette relies upon *Custis v. United States*, 511 U.S. 485 (1994), *Johnson v. United States*, 544 U.S. 295 (2005), and their progeny. *See* Mem. [573] at 6-9. Perrette's reliance on this line of authority is misplaced.

*Custis* held that, if a defendant who is still "in custody" for purposes of his state convictions at the time of his federal sentencing is successful in attacking his state sentences, "he may then apply for reopening of any federal sentence enhanced

-4-

by the state sentences." *Custis*, 511 U.S. at 497. *Johnson* held that vacatur of a prior state-court sentence used to enhance a federal sentence can start the one-year limitations period under § 2255(f), but only if the petitioner has shown due diligence in seeking the state-court order. *Johnson*, 544 U.S. at 302.

The non-adjudication of Perrette's DUI charge is not a vacatur of a prior conviction. Even if Perrette would have completed the MASEP and VIP before he was sentenced, he would have nevertheless received a criminal history point for the DUI conviction itself under § 4A1.1(c) of the Sentencing Guidelines. Perrette's claim for relief on this basis is unavailing.

According to the PSR, Perrette pleaded guilty to the DUI charge. A diversionary disposition resulting from an admission of guilt is counted as a sentence under United States Sentencing Guideline § 4A1.1(c), even if a conviction is not formally entered. U.S. Sentencing Guidelines Manual § 4A1.2(f). According to the Application Notes to Guideline § 4A1.2(f), "[t]his reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S. Sentencing Guidelines Manual § 4A1.2(f) cmt. n. 9. When a conviction is set aside or a defendant pardoned for reasons unrelated to innocence or errors of law, sentences resulting from such convictions are still counted in computing criminal history. U.S. Sentencing Guidelines Manual § 4A1.2(f), cmt. n. 10.

In *United States v. Daniels*, 588 F.3d 835 (5th Cir. 2009), a defendant had pleaded guilty to an aggravated assault charge in state court, but received a

deferred adjudication with community supervision. At the defendant's federal sentencing, the district court found him to be a career offender based in part upon that aggravated assault conviction, which resulted in an enhanced sentence. *Daniels,* 588 F.3d at 836. After the state court dismissed the charge at the conclusion of the defendant's three-year term of community supervision, the defendant filed a § 2255 motion asking to be resentenced because one of the offenses upon which his career-offender status was based had been invalidated. *Id.* The district court denied the motion, but granted a certificate of appealability.

The Fifth Circuit held that § 2255 relief was not appropriate under these circumstances, even though the defendant's charge had been dismissed by the state court. "This deferred adjudication was dismissed almost as a matter of course–and for reasons having nothing to do with 'innocence or errors of law.'" *Id.* at 838 (citing U.S. Sentencing Guidelines Manual § 4A1.2(f), cmt. n. 10).

The present case stands on all fours with *Daniels*. Perrette's DUI, to which he pleaded guilty, was dismissed or non-adjudicated as a matter of course, not based upon his innocence or any errors of law. Relief under § 2255 is not appropriate under these circumstances.

C.  <u>Even if the non-adjudication constituted a vacatur of Perrette's DUI conviction, he has not alleged any facts which would demonstrate due diligence.</u>

Even if the non-adjudication of Perrette's DUI charge constituted a vacatur of the conviction, construing all of Perrette's allegations in his favor he cannot demonstrate that he was pursuing his rights diligently. According to Perrette's

exhibits, he participated in the VIP from July 14, 2016, until October 13, 2016, *see* VIP Certificate [573-4] at 2, which means that Perrette did not commence the VIP until over three and a half years after the Judgment [365] was entered in his federal criminal case on November 13, 2012. Perrette has offered no explanation for this delay.

In *Johnson,* the Supreme Court held that failure to file a state habeas petition until more than three years after entry of judgment in the federal case "fell far short of reasonable diligence in challenging the state conviction." *Johnson*, 544 U.S. at 311. Perrette has likewise failed to exhibit the due diligence required by § 2255(f)(4).

Because Perrette's Motion is untimely, it should be denied pursuant to Rule 4(b) of the Section 2255 Rules. *See United States v. Plascencia*, 537 F.3d 385, 390 (5th Cir. 2008) (affirming district court's *sua sponte* dismissal of § 2255 motion that was filed outside the one-year limitation period).

### III.  CONCLUSION

For the foregoing reasons, it is clear from the Motion, related pleadings, and the record that Perrette is entitled to no relief. The Court finds that Perrette's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 should be denied pursuant to Rule 4(b) of the Section 2255 Rules without an Answer by the United States Attorney and without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [572] of Defendant John Ashley Perrette to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of May, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE